Michael Anthony Moore#487939

George W. Beto One Unit

Southwest Career Institue Certified

Paralegal Assistance #Z-70-9986-M

1391 FM 3328

Tennessee Colony, Texas 75880

June 1,2015

Hon. Abel Acosta,Clerk

Court Of Criminal Appeals

P.O. Box 12308,Capitol Station,

Austin, Texas 78711

RE: THE State oF Texas   VS. Michael Anthony Moore

Cause No. 17,957-272

CCA No.WR-20,206-22

Dear Hon. Abel Acosta,Clerk

Enclosed Pleade find the Original of Moore Applicant For Writ Of

Mandamus  in the above Named and numbered Cause.

I would be Grateful if you would file these documents among the papers of the

Cause and bring them to the attention of the Court.

By copy of this letter,i an Notifying the Hon.Judge Travis B.Bryan

Office.

Thank You for Your Consideration in this matter.

Copy File

M/A/M/

Very Truly Yours,

Original Signed by

Michael Anthony Moore#487939

("Notice Of Cover Pag one")

RECEIVED IN

COURT OF CRIMINAL APPEALS

JUN 10 2015

Abel Acosta, Clerk

Case No. _____

IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AUSTIN, TEXAS

MICHAEL ANTHONY MOORE,
Relator
VS.
Hon. Travis B. Bryan,III
JUDGE BRAZOS COUNTY
272ND DISTRICT COURT
RESPONDENT
AND
JARVIS J. PARSON
BRAZOS COUNTY DISTRICT ATTORNEY
RESPONDENT
AND
SHARON KELLER
PRESIDING JUDGE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
AND
LAWRENC E. MEYERS
JUDGE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

Original Proceeding From The 272ND Judicial
District Court Of Brazos County,Texas
Applicant For Writ Of Habeas Corpus
Cause No. 17,957-272
CCA No.WR-20,206-22

Petition For Writ Of Mandamus

TO THE HONORABLE COURT OF APPEALS:
   Now Comes the Pro se  MICHAEL ANTHONY MOORE,by and through and files this
his Petition For Writ of Mandamus,Pursuant to Tex.R.App.P.52.1:

STATEMENT OF FACTS

This cause was heard in the 272nd Judicial District Court Of Brazos County
Texas Under Trial Court Cause No.17,957-272,Styled The State Of Texas V.-
Michael Anthony Moore.

1.

Relator was Conviction of the offense of Burglary Of a Building (Enhanced)
and Sentenced to Sixty(60) Yraer in the (then) Texas Department Of Corrections

Page 1.

## Trial Court

Relator Moore Next Allege that he have Filed the Following Motions On April 13,2015 With the District Clerk Office of Marc Hamlin;

1. Mition for Leave Of Court And

2. First Motion for Supplemental Application For Writ Of Habeas corpus Under Article 11.07 § 4 is limited to instances in Which the initial Applicantion raises Claim regerding the validity of the prosection or the Judgment of guilt,Pursuant to article 11.07 of Texas Code Of Criminal Procedure in Trial Court cause No.17,957-272, and CCA No.WR-206-22,and the trial court has failed to Rule on the Pending Motions within a reasonable time.

3.

Court of Appeals have the Power to compel a trial Court to rule on pending Motions.

In re Ramirez, 994 S.W. 2d 682,684(Tex.App.San Antonio 1998,Orig.Proceeding); Before Mandamus may issue to require a trial court to rule on a Motion,the Relator must Establish that the Court was asked to perform the act and failed or refused to do so within a reasonable time.See Safety-Kleen Corp. V.Garcia, 945 S.W. 2d 268,269(Tex.App.San Antonio 1997,Orig.Proceeding).

Relater Moore have called the Motions to the trial court's Attention and Therefore Provided this Court with Documentation showing what Motions he Filedwhen he filed them and have Called the Motions to the trial Court's Attention.

Trial Court has had a reasonable time within which to rule on Relator Moore such pending Motions,but has failed or refused to do so.

Therefore,Relator Moore have shown abues of discretion by the trial Court.

4.

Relator Moore further allege that a reasonable time has Passed.

A. Tex.Code of Crim.Proc Art.11.07 § 4.

Here Relator has Complied with Art.11.07 § 4.

in his Motion For Leave Of court And his First Motion For Supplemental Application For Writ Of Habeas Corpus Under Article 11.07 § 4,is limited to instances in which the inital Applicantion raises raises Claim regerding the Validity of the Prosection or the Judgment of guilt,Pursuant to Article 11.07 Of Texas Code Of Criminal Procedure in trial Court Cause No. 17,957-272 And CCA No.WR-20-22,And the Trial Court has failed to Rule on the Pending Motions Within a reasonable Time.

Relator Petition Should be grant because he have no adequate remedy to address any errors.

To be entitled to Mandamus Relief in a Criminal case,a relator must show, amony other things,that he has no adequate remedy at law redress the alleged harm.

Ex Rel.Young V. Sixth Judicial Dist Court Of appeals at Texarkana, 236 S.W. 3d 207,201(Tex.Crim.App.(2007);

"A Court with Mandamus authority will grant Mandamus relief if relator can demonstrate that the act sought to be compelled is purely Ministerial and that relator has no other adequate legal remedy". In re Piper,105 S.W. 3d - 107,109(Tex.App.Waco (2003),Orig.Proceeding)(quoting State ex rel.Rosenthal-V. Poe,98 S.W. 3d 194,197-99(Tex.Crim.App.2003)(Orig.Proceeding)).

But Consideration of a Motion Property filed and before the Court is Ministerial.State ex rel.

Hill V. Ct.of Apps.for the 5th Dist,34 S.W. 3d 924,927(Tex.Crim.App.(2001) (Orig.Proceeding).

Mandamus may issue to compel a trial Court to rule on a Motion which has been pending before the court for a reasonable period of time.

See In re Hearm,137 S.W. 3d 681,685(Tex.App.-San Antonio (2004,Orig.Proceeding In re Keeter,134 S.W. 3d 250,252-53(Tex.App.-Waco(2003,Orig.Proceeding); In re Chavez,62 S.W. 3d 225,228(Tex.App.-Amarillo 2001,Orig.Proceeding); Barnes V. State,832 S.W. 2d 424,426(Tex.App.-Houston[1st Dist] 1992,Orig.-Proceeding);See also In re Shredder Co,225 S.W.3d 676,679 (Tex.App-El Paso-2006,Orig.Proceeding).To abtain Mandamus relief for such refusal,a relator must establish:(1) The Motion was Properly filed and has been Pending for a reasonable time;(2) the relator requested a ruling on the Motion;and(3) The trial court refused to rule.See Hearn,137 S.W. 3d at 685;Keeter,134 S.W.-3d at 252;Chavez,62 S.W. 3d at 228;Barnes,832 S.W. 2d at 426;See also Shredder Co,225 S.W. 3d at 679.

In re Sarkissian,243 S.W. 3d 860,861(Tex.App.-Waco 2008,Orig.Proceeding) (emphasis added).

"A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. Chavez,62 S.W. 3d at 228.

Moore bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief.

See In re Mullins,10-09-00143-CV,2009 WL 2959716,at *1,n.1(Tex.App.-Waco Sept.16,2009,Orig.Proceeding)(mem.Op.);

Page 3.

Blakeney,254 S.W. 3d at 661.

Points Of Law In General

28 U.S.C. § 2254(d) an adjudication Properly on the Merits occure when the state court resolves the case on substantive grounds rather than on procedural grounds held Mercadel V. Cani,179 F.3d 271,273(5th Cir.(1999) Quoting Fisher V. Texas,169 F.3d 295,300(5th Cir.1999) Finding that where a State Habeas Court decided the Habeas Applicant Claim on Procedural grounds,there has not been an adjuication on the merits Valdez V. Cockrell,274 F. 3d 941 (5th Cir.2001).

5th,14th amend Due Process.


This Court should Grant Relator's Petition For Writ Of Mandamus For the Following reasons:

1. The trial court  failed or refused to rule within a reasonable time on the following:
2. Motion For Leave OF Court And
3. First Motion For Supplemental Application For Writ OF Habeas Corpus Pursuant to Article 11.07 of the Texas Code of Criminal Procedure.

See Tex.Code Crim.Proc.Ann.Art.11.07§4.

However,article 11.07 of the Texas Code of criminal Procedure Provides the exclusive remedy for felony post-Conviction relirf in state Court.

Tex.Code Crim.Proc.Ann.Art.11.07 § 5; See also Ater V. Eighth Court of Appeals 802 S.W. 2d 241,243(Tex.Crim.App.(1991).

And the purpose of the subsequent bar is to limit a Convicted person to"one bite at the apple".Ex Parte Whieside,12 S.W. 3d 819,821(Tex.Crim.App.(2000).

Therefore,Relator have no adequate remedy at law to raise his Claim that the trial Court lacked Jurisdiction  to anend the Indictment On July 19,1988. Relator Moore should now gain the benefit of raising this issue in this Petition For Writ OF Mandamus,because (1) He follow the procedure as set out by Article 11.07 of the Texas Code of Criminal Procedure for Filing an Application For Writ of Habeas Corpus.

CONCLUSION AND PRAYER

The issuance of a mandamus is never a matter of right,but rests in the sound discretion of the Court.

**Dickens V. Second Court of appeals,727 S.W.2d 542,549(Tex.Crim.App.(1987).**

**Here,Relator's Petition For Writ Of Mandamus should be Grant because Relator have demonstrate that the trial court erred by not rule on the Pending Motions that was file On April 13,2015.**

**Page 4.**

WHEREFORE,PREMISES CONSIDERED, THE Relator's Prays the court Grant Relator's Petition For Writ Of Mandamus.

Respectfully Submitted,

_Michael Moore_

By: Michael Anthony Moore#487939

Beto One Unit

1391 FM 3328

Tennessee Colony, Texas 75880

Page 5.

## certificate of service

A true copy of the above Relators Petition For Writ Of Mandamus has been mailed to Response,The Following Names and Mailed address:

1. Hon.Travis B. Bryan,III

    Judge Brazos County

    272ND District Court

    300 East 26th Street,Suite #204,

    Bryan, Texas 77803

    And

2. JARVIS J. PARSONS

    BRAZOS COUNTY DISTRICT ATTORNEY

    300 East 26th Street,Suite#310
    Brtan, Texas 77803

    And

3. SHARON KILLER

    PRESIDING JUDGE

    COURT OF CRIMINAL APPEALS

    P.O. BOX 12308, CAPITOL STATION)

    Austin, Texas 78711

    And

4. LAWRENCE E. MEYERS

        JUDGE

    COURT OF CRIMINAL APPEALS

    P.O. BOX 12308,CAPITOL STATION

    Austin, Texas 78711,on this the 27th day of May,2015.


By: Michael Anthony Moore#487939

Relator's

Brazos County



300 *E. 26th St., Suite 216*
*Bryan TX 77803*
*(979) 361-4240*
*(979) 361-0197 fax*

*Marc Hamlin*
*District Clerk*

April 13, 2015

MOORE, MICHAEL TDCJ# 487939
GEORGE W. BETO ONE UNIT
1391 FM 3328
Tennessee Colony, TX 75880

Certified Mail Rec # 70133020000123119861

Re:     Cause No. 17957-272-M

        MOORE, MICHAEL ANTHONY
        DEFENDANT

Dear Mr. Moore,

        Enclosed herewith is the SUPPLEMENTAL Transcript on Application for Writ of Habeas Corpus in the above numbered and styled cause from Brazos County, Bryan, Texas.

        Please acknowledge receipt of same on the attached copy of this letter and return to this office for our file.

                                        Sincerely,

                                        *Marc Hamlin/TK*
                                        MARC HAMLIN
                                        DISTRICT CLERK

CC:     Doug Howell III (Assistant D.A.)              Hand Delivered
        Hon. Abel Acosta, Clerk, Court of Criminal Appeals
        Certified Mail Rec# 70133020000123119878

Cause No. 17,957-272 - *M*



EX PARTE                          §        IN THE DISTRICT COURT

                                  §        OF BRAZOS COUNTY, TEXAS

MICHAEL ANTHONY MOORE             §        272ND DISTRICT COURT


## Motion For Leave Of Court

---

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Applican MICHAEL ANTHONY MOORE by and through his Pro Se in the above numbered and entitled cause, and respectfully makes its Motion For Leave Of Court as Follows:

1.

Respondent has Custody of Applicant pursuant to judgment and sentence in Cause No. 17,957-272, entitled the State Of Texas VS. Michael Anthony Moore Wherein Applicant was convicted of the offens of Burglary of a Building(e enhanced) and sentenced to Sixty(60) Years in the (then)Texas Department of Corrections.

2.

Applicant Moore request that this court Grant his Motion For Leave of Court to Supplimental Writ Of Habeas Corpus file on March 10,2015,with the District Clerk Office.

3.

Applicant Moore request that such Motion be heard and ruled upon.


                              Respecfully Submitted,


                              By; Michael Anthony Moore#487939
                                      Beto One Unit
                                      1391 FM 3328
                              Tennessee Colony, Texas 75880


                                   Page 1.

## Certificate Of service

I do hereby certify that a true and correct copy of the above and foregoing Motion For Leave Of Court was mailed to the Follow:


1. Douglas Howell.III

   Assistant District Attorney Office

   Brazos County Courthouse

   300 E. 26th Street,Suite#310

   Bryan, Texas 77803 On this the 31 day of March,2015.


_Michael X. Moore_

By; Michael Abnthony Moore#487939

Beto One Unit


Page 2.

**Page 2**



Cause No. 17,957-272 - *M*

| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| MICHAEL ANTHONY MOORE | § | OF BRAZOS COUNTY,TEXAS |
| | § | 272ND DISTRICT COURT |

First Motion For Supplemental Application For Writ Of Habeas

Corpus Pursuant To Article 11.07 of

Texas Code Of Criminal Procedure

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Applicant Michael Anthony Moore by and through his Pro se in the above numbered and entitled Cause,and respectfully makes its First Motion For Supplemental Application For Writ Of Habeas Corpus Pursuant To Article 11.07 of Texas Code Of Criminal Procedure as Follows:

1.

Respondent has Custody of Applicant Pursuant to Judgment and sentence in Cause No.17,957-272,entitled the State of Texas VS.Michael Anthony Moore Wherein Applicant was Convicted of the offense of Burglary of a Building enhanced)and sentenced to Sixty(60) Years in the (then) Texas Department of Corrections.

2.

On March 10,2015,Applicant Moore filed his Application for Writ of Habeas Corpus Pursuant to article 11.07 of the Texas Code of Criminal Procedure alleging that the State failed to Amend the Indictment.
Applicant avers that the State did not file the Mandatory "Motion To Leave" to Amend the Indictment in Cause no. 17,957-272,to reflect the charge of Aggravated Sexual Assault With a deadly Weapon and the 2nd Charge of Burglary of a Building.
The record is "void" of any Motion To Amend or any Waiver of the Indictment.In The State "Illegally Amended" the Original Indictment and thus Combined it with a document of Information on the same day of Trial,Violating Moore's Guaranteed Rights of the U.S. Const,Due Process of law,and against U.S. Supreme Court's Precedents.The instct that the court amended the Indictment,it lost "Jurisdiction".
Ex Parte Bain, 121 U.S. 1,7 S.Ct.781,30 L.Ed.849(1887);
Ward V. State,829 S.W. 2d 787,793(Tex.Crim.App.(1992);

Page 1.

3.

See Tex.Code Crim.Proc.Ann.art.11.07§4.

The instant Application does allege that the claims contained therein have not been and could not have been presented in an original application or that,by a preponderance of the evidence no rational juror could have found the applicant guilty beyond a reasonable doubt but for a violation of the United States contitution here,Applicat have now Complied with Article 11.07-§4.

Ex Parte Evans,964 S.W. 2d 643,647(Tex.Crim.App.(1998);

4.

As Applicant Moore has Acknowledged that the granting of his claims would result in habeas corpus relief.

Applicant Moore,seeking habeas corpus compelling speedier release and a judicial determination that implies the unlawfulness of the state custody.

5.

To maintain a habeas copus action a petitioner must exhauat his state court remedies by filing a post-Conviction petition for writ of Habeas Corpus under Tex.Code Crim.Proc.Ann.art.11.07(Vernon Supp.(2005).

Therefore,all of applicant Moore's claims should be granted.In the alternative,this court should grant all claims for habeas relief from the Application Moore claims for relief.

Pro Se Pleadings are to be reviewed and evaluated by standards less stringent than those applied to formal pleadings drafted by lawyers.

Moore requests that this court review his First Motion For Supplemental Application For Writ Of habeas Corpus Pursuant to Article 11.07 of Texas Code of criminal Procedure with patience and liberality to determine the Merits of his claims.In Re Marriage of Buster, 115 S.W.3d at page 144(Te.-App.Texarkana(2003) (the Level of reasonble diligence for prison inmates is somewhat lower that for litigants who are free and represented by counsel).

Page 2.

Application Moore with no tools of any kind for checking the authority of government overseers is not just embedded with value, but it is exemplary, responding to the highest calling of the legal profession, which is to give meaning to the term equal justice under law carved in stone on every courthouse.

WHEREFORE, premises considered, the Pro se prays after notice and hearing the First Motion For Supplemental Application for Writ of Habeas Corpus Pursuant to Article 11.07 of Texas Code Of Criminal Procedure as requested.

By: Michael Anthony Moore#487939

Beto One Unit

Southwest Career Institue

Certified Paralegal Asstance#Z-70-998-M-

1391 FM 3328

Tennessee Coilony, Texas 75880

Page 3.

## Certificate of Service

I do hereby certify that a true and correct copy of the above and foregoing First Motion For Supplemental Application For Writ Of Habeas Corpus Pursuant To Article 11.07 of Texas Code of Criminal Procedure was mailed to the Follow:


1. Douglas Howell,III

   Assistant District Attorney Office

   Brazos County Courthouse

   300 E. 26th Street,Suite#310

   Bryan, Texas 77803 On this the 31 day of March,2015.


_Michael A. Moore_

By: Michael Anthony Moore#487939

Beto One Unit


Page 4.

THE STATE OF TEXAS
COUNTY OF Brazos


I, Marc Hamlin , Clerk of the 272ND DISTRICT COURT of Brazos County, Texas do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b).


GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at my office

in Brazos County, Texas, this the 13th day of April, 2015.



Marc Hamlin, District Clerk
Brazos County, Bryan Texas

*Tracy Knighton*
Deputy Clerk

# WRIT OF HABEAS CORPUS

## CAUSE NO. 17957-272-M

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| VS. | § | BRAZOS COUNTY, TEXAS |
| MICHAEL ANTHONY MOORE | § | 272ND DISTRICT COURT |

### INDEX                                         PAGE

| | INDEX | | PAGE |
|---|---|---|---|
| • | MOTION FOR LEAVE OF COURT | ................................................. | 1-2 |
| • | FIRST MOTION FOR SUPPLEMENTAL APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO ARTICLE 11.07 OF TEXAS CODE OF CRIMINAL PROCEDURE | ................................................. | 3-6 |
| • | CLERK'S CERTIFICATE | ................................................. | 7 |